# STATE OF MICHIGAN

# COURT OF APPEALS

---

In re CHARLES PORTUS.

---

PEOPLE OF THE STATE OF MICHIGAN,

      Appellee,

v

CHARLES PORTUS,

      Appellant.

UNPUBLISHED
December 2, 2014

No.   309197
Oakland Probate Court
LC No.   1976-017337-MI

---

Before:  GLEICHER, P.J., and SAAD and FORT HOOD, JJ.

GLEICHER, J. (*concurring*).

Charles Portus has been institutionalized and in the custody of the Center for Forensic Psychiatry (CFP) for 40 years.  The probate court was required to periodically review the appropriateness of Mr. Portus's continued placement to ensure that he was not unconstitutionally confined after recovering his mental faculties.  Unfortunately, the probate court improperly delayed in conducting a single hearing regarding one of the prosecutor's multiple biannual petitions for continuing treatment or involuntary hospitalization.  I concur with the lead opinion's assessment that this error was harmless, because the delay did not hinder Mr. Portus's release.

When a person is acquitted of criminal charges by reason of insanity, that person is remitted by the court to the care and custody of the CFP.  MCL 330.2050(1).  That person "shall not be discharged or placed on leave without first being evaluated and recommended for discharge or leave by" the CFP.  MCL 330.2050(5).  Certain grounds preclude the discharge and release of a person acquitted by reason of insanity, MCL 330.2050(2), (5), including when he or she "[c]an be reasonably expected within the near future to intentionally or unintentionally seriously physically injure himself or herself or another person, and has overtly acted in a manner substantially supportive of that expectation."  MCL 330.1515(b).  Stated differently, a person may not be released from CFP care and custody if he or she "has engaged in an act or acts or made significant threats that are substantially supportive of the expectation."  MCL 330.1401(1)(a).

The CFP conducted a clinical evaluation of Mr. Portus in the midst of these proceedings. During that evaluation, Mr. Portus's comments revealed that he remained a danger to others.

-1-

Mr. Portus described that while on a limited release from the CFP, he fantasized about kidnapping a child in a store. Mr. Portus further reported that he continues to have violent sexual fantasies involving children. Mr. Portus's admissions and his various psychiatric and psychological conditions presented a bleak picture, resulting in the CFP's recommendation that Mr. Portus's institutionalization be continued. Accordingly, despite the court's delay in conducting a required hearing, Mr. Portus had no statutory or constitutional right to release.

Moreover, Mr. Portus withdrew his request for discharge from CFP custody while the lower court proceedings were pending. Therefore, a timely hearing would not have affected a change in Mr. Portus's position and he can establish no prejudice resulting from the delay. In my view, no additional analysis is appropriate or required.


/s/ Elizabeth L. Gleicher